132725

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-CV-20552 KING/MCALILEY

CARLOS MILLER,

   Plaintiff,

v.

50 STATE SECURITY SERVICE,

   Defendant.

_____/

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, 50 State Security Service, and files its Answer and Affirmative Defenses to Plaintiff's Complaint.

## INTRODUCTION

1. Denied.
2. Denied.
3. Denied.

## JURISDICTION & VENUE ALLEGATIONS

4. Denied.
5. Admitted.

## PARTIES

6. Without knowledge; therefore, denied.
7. Admitted.
8. Denied as phrased.

9.   Denied as phrased.

10.  Denied as phrased.

11.  Denied as phrased.

12.  Denied as phrased.

13.  Denied as phrased.

14.  Admitted that Defendant has a contract with Miami-Dade Transit to provide security services at Metrorail stations; otherwise, denied.

15.  Without knowledge, therefore denied.

16.  Admitted that Defendant provided security services at the Douglas Road and Government Center stations; otherwise, denied.

17.  Denied.

18.  Denied.

### **THE JUNE 30, 2010 INCIDENT – DOUGLAS ROAD STATION**

19.  Denied.

20.  Without knowledge; therefore, denied.

21.  Without knowledge; therefore, denied.

22.  Without knowledge; therefore, denied.

23.  Denied.

24.  Denied.

25.  Denied.

26.  Denied.

27.  Denied.

### **THE JULY 28, 2010 INCIDENT – DOUGLAS ROAD STATION**

28.  Without knowledge; therefore denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## OCTOBER 28, 2010 INCIDENT – UNIVERSITY OF MIAMI STATION

40. Denied.

## THE JANUARY 20, 2013 INCIDENT – GOVERNMENT CENTER STATION

41. Admitted that Plaintiff filed a lawsuit in state court against 50 State; otherwise, denied.

42. Without knowledge; therefore, denied.

43. Without knowledge; therefore, denied.

44. Without knowledge; therefore, denied.

45. Without knowledge; therefore, denied.

46. Without knowledge; therefore, denied.

47. Admitted.

48. Without knowledge; therefore, denied.

49. Without knowledge; therefore denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## AS TO THE COMPLAINT IN ITS ENTIRETY

66. Denied.

67. Denied.

68. Without knowledge; therefore, denied.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT, 50 STATE

69. Defendant restates its responses to paragraphs 1 through 68 as though fully set forth herein.

70. Denied.

4

71. Defendant states that it owed duties as established by Florida law.

72. Denied, including subparts a through f.

73. Denied.

## COUNT II – NEGLIGENT HIRING, RETENTION, SUPERVISION AND/OR TRAINING AGAINST DEFENDANT, 50 STATE

Defendant restates its responses to paragraphs 1 through 68 as though fully set forth herein.

74. Denied.

75. Denied, including subparts a through c.

76. Denied, including subparts a through d.

77. Denied.

## COUNT III – FALSE IMPRISONMENT AGAINST DEFENDANT, 50 STATE

Defendant restates its responses to paragraphs 1 through 68 as though fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT IV – ASSAULT AND BATTERY AGAINST DEFENDANT – 50 STATE

Defendant restates its responses to paragraphs 1 through 68 as though fully set forth herein.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

### COUNT V – VIOLATION OF 42 U.S.C. § 1983, VIOLATION OF 1ST, 4TH, AND 14TH AMENDMENT RIGHTS AGAINST DEFENDANT, 50 STATE

87. Defendant restates its responses to paragraphs 1 through 68 as though fully set forth herein.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

### AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation not specifically admitted herein.

2. Defendant denies each and every allegation of negligence, causation in fact, proximate cause, injuries and damages, and demand strict proof thereof.

3.     At all times material hereto Plaintiff conducted himself in a careless and negligent manner, said negligence is a contributing and/or the sole legal proximate cause of the injuries and damages complained of and the Plaintiff, therefore, is barred from recovery against the Defendant, or in the alternative, the damages for recovery should be reduced by the Doctrine of Comparative Negligence.

4.     Defendant demands a set-off for any and all collateral sources paid or payable to the Plaintiff as a result of the subject incident.

5.     Defendant alleges that Plaintiff is only entitled to recover the reasonable value of medical care and services resulting from any alleged damages caused by the negligence of another and the reasonable value of the medical care and services is limited to the amount as payment in full for medical services by the person or entity that provided the Plaintiff such services.

6.     Defendant alleges that the damages and injuries allegedly suffered by Plaintiff, if any, were caused by pre-existing medical conditions, subsequent medical conditions, subsequent intervening accidents or injuries and the natural course of those conditions, for which Defendant is not responsible.

7.     No legal duty alleged by Plaintiff was owed or breached by Defendant.

8.     To the extent any legal duty was owed by Defendant to Plaintiff, which Defendant denies, no conduct on the part of Defendant resulted in any harm or injury to Plaintiff.

9.     Defendant affirmatively alleges that the Plaintiff was under a duty to mitigate damages but, notwithstanding that duty, failed to so mitigate.  His right to recovery is, therefore, diminished as a result of said conduct.

10. Defendant affirmatively alleges that, at the time and place set forth therein, the acts and conduct unknown third parties may have caused or contributed to the cause of the events of which Plaintiff now complains. When said third party is identified, Defendant would have a right to add said affirmative defense and have a jury compare the fault of said third party with the fault of the parties herein and place the percentages of fault on the verdict form according to the Doctrine of Comparative Fault as set forth in *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).

11. Defendant denies that it or its employees committed any intentional tort during the subject incidents.

12. Defendant's employees were acting in self defense and in the defense of another at the time of the subject incident; therefore, Plaintiff's claims are barred.

13. There was no violation of any right of Plaintiff secured by the constitution and laws of the United States.

14. Plaintiff was not engaged in activity protected by the First Amendment to the United States Constitution at the time of the subject incident.

15. Defendant was not acting under the color of state law at the time of the subject incidents.

16. Although Defendant denies that its employees committed any tort, any alleged tort committed by Defendant's employees were individual actions in violation of Defendant's policies, not actionable under 42 U.S.C. § 1983.

17. Plaintiff cannot recover under 42 U.S.C. § 1983 because Defendant did not act with deliberate indifference to Plaintiff's rights.

18. Defendant's employees were acting within their discretionary authority at the time of the subject incident; therefore, they are entitled to qualified immunity pursuant to 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues so triable.

DATED: March 26, 2013

Respectfully submitted,

/s/ Scott J. Edwards
Seth R. Goldberg, Esq.
Florida Bar No.: 032204
E-mail Address: sgoldberg@conroysimberg.com
Scott J. Edwards, Esq.
Florida Bar No. 40958
E-mail Address: sedwards@conroysimberg.com
Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A.
Attorney for 50 Satte Security
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
Phone: (954) 961-1400 Broward
Fax: (954) 967-8577
Attorney for 50 Satte Security

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by electronic filing on March 26, 2013 on all counsel or parties of record on the Service List below.

/s/ Scott J. Edwards
Scott J. Edwards, Esq.

CASE NO. 13-CV-20552 KING/MCALILEY

## SERVICE LIST

Michael A. Pancier, Esquire

9000 Sheridan Street
Suite 96
Pembroke Pines, FL 33024
Attorney for Carlos Miller

Russell M. Pfeifer, Esq.
russell.pfeifer@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
100 Southeast 2nd Street
Suite 3800
Miami, FL 33131
Counsel for Defendant, 50 State Security
Service, Inc.